DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Steven W. Wilson, et al., appeals the decision of the Wayne County Court of Common Pleas affirming Appellee's, St. Paul Fire and Marine Insurance Company, motion for summary judgment. We affirm the decision of the lower court.
 {¶ 2} Appellant was involved in a car accident while driving a company car. His damages were in excess of the tortfeasor's insurance policy, and thus he brought the underlying underinsured motorist claim against Appellee, which insured the company car he was driving at the time of the accident.
 {¶ 3} Farm Credit Counsel Services, Inc. ("Farm Credit") maintained a commercial auto liability policy with Appellee. Farm Credit Services of Mid-America, ("Farm Credit Services") Appellant's employer, and a subsidiary of Farm Credit, was an additional insured under the policy. That policy provided auto liability coverage with a limit of $2,000,000 subject to a $1,000,000 self-insured retention by Farm Credit. Prior to the effective date of the insurance policy, Mr. Lawson (the vice President of Risk Management for Farm Credit) executed an Ohio Selection-Rejection Form whereby Farm Credit selected UM/UIM coverage for the State of Ohio with limits of $50,000.
 {¶ 4} Appellee filed a motion for summary judgment attesting to the validity of the selection of lower UM/UIM coverage limits under the insurance policy. Over Appellant's objections, the trial court granted Appellee's motion. Appellant now appeals, asserting a single assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment in favor of [Appellee]."
 {¶ 5} In his only assignment of error, Appellant alleges that the trial court erred in granting summary judgment in favor of Appellee. We disagree.
 {¶ 6} Appellate courts consider an appeal from summary judgment under a de novo standard of review. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 7} Civ.R. 56(E) provides that after the moving party has satisfied its burden of supporting its motion for summary judgment, the non-moving party may overcome summary judgment by demonstrating that a genuine issue exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996),75 Ohio St.3d 447, 449. In the instant case, we find that summary judgment was properly granted on behalf of Appellee, and Appellant has not shown that a genuine issue of material fact exists as to the validity of the selection of lower UM/UIM policy limits.
 {¶ 8} Appellant first argues that summary judgment was improper because no evidence was introduced showing that Farm Credit Services had ever given authorization for anyone to sign the selection-rejection form on its behalf, and as such, the selection-rejection form was not legally effective or binding upon Farm Credit Services. We find that as Appellant did not raise this below, he has waived his right to assert the issue on appeal.
 {¶ 9} The Supreme Court has stated that other than issues of subject matter jurisdiction, "reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." Goldberg v. Indus. Comm. (1936), 131 O.S. 399, 404. By failing to raise the issue of authorization in the trial court, Appellant waived his right to raise the issue for the first time on appeal. State ex rel. Ohio Civ. Serv. EmployeesAssn., AFSCME, Local 11, AFL-CIO v. State Emp. Relations Bd.,104 Ohio St.3d 122, 2004-Ohio-6363, at ¶ 10. It is well established that "an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977), 51 Ohio St.2d 112,117.
 {¶ 10} Appellant next argues that "[t]he trial court erred in granting summary judgment on the basis of an affidavit that is controverted by the affiant's own deposition testimony." Specifically, Appellant asserts that there is a factual dispute as to whether the offer at issue disclosed the reduction in premium attributable to a selection of lower limits of UM/UIM coverage.
 {¶ 11} The Supreme Court has stated that:
"A signed, written rejection of uninsured/underinsured motorist coverage is valid under the H.B. 261 version of R.C. 3937.18 if it was made in response to an offer that included a brief description of the coverage and the coverage premiums and limits. Once a signed rejection is produced, the elements of the offer may be demonstrated by extrinsic evidence." Hollon v. Clary,104 Ohio St.3d 526, 2004-Ohio-6772, at syllabus.
 {¶ 12} Appellant does not dispute that Appellee properly offered extrinsic evidence of a valid offer of UM/UIM coverage, or that Appellee produced a signed selection of lower UM/UIM limits. Appellant alleges that the offer did not set out the reduction in the costs of premiums to be realized by the reduction in coverage, and he maintains that the evidence presented on the issue is contradictory.
 {¶ 13} In his affidavit, Lawson stated that he was made aware of the reduction in cost of the insurance if he selected the reduced UM/UIM limits. In his deposition, he stated that he was not informed of an exact dollar amount the insurance premium would be reduced by, however, he had a working knowledge of what the reduction would be without having been told an exact dollar amount. We do not agree with Appellant that the two pieces of evidence are contradictory.
 {¶ 14} Lawson has been the vice president of risk management and insurance programs at Farm Credit since 2000, and in that position he has acquired an extensive amount of knowledge regarding insurance policies. Prior to renewing the insurance policy at issue, Lawson testified that he had spoken with the insurance broker, and had discussed the insurance policy in-house. As a result of those discussion, they had decided to continue with what they had been doing in the past; which was to accept UIM coverage in the amount of $50,000, rather than 2 million dollars. He stated that:
"[W]e discussed that by purchasing limits for UIM coverage equal to the 2 million dollar limit on our policy that that would cost quite a bit more money in terms of up-front premium, and that that would also expose Farm Credit institutions to an additional $950,000 in losses for each and every liability claim, and that it was in the Farm Credit System's best interest to select a lower limit across the board for its UIM coverage for cost purposes, for cost and coverage purposes."
 {¶ 15} Due to the policy increase, and due also to the fact that Farm Credit could be potentially have to pay $950,000 on a UIM claim (because the first million dollars would be on a self-insured retention), they had elected to go with the lower amount of UIM insurance.
 {¶ 16} While Lawson admitted that no exact dollar amount of savings was given to him, he stated that "[b]ased on [his] experience, [he] would have a pretty good idea of the magnitude of the savings." Minimally, Lawson knew that by going with the 2 million dollar limit, Farm Credit could be exposed to an extra $950,000 in losses than if they selected the $50,000 limit, and he knew that the premiums would be much less with the $50,000 limit than the $2 million limit. Contrary to Appellant's assertions, we find that the above extrinsic evidence is not in conflict, but rather, that it establishes that Lawson had working knowledge of the lowered insurance and its relationship to the overall cost of the insurance premium.
 {¶ 17} Consequently, we overrule Appellant's assignment of error, and affirm the decision of the Wayne County Court of Common Pleas granting summary judgment on behalf of Appellee.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Whitmore, J. concurs