DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Henry W. Rozhon, Jr., appeals from the Medina County Court of Common Pleas, Domestic Relations Division, which denied his motions for relief and ordered him to pay child support to Appellee Christina Galloway (fka Rozhon nee Brobst) even though DNA evidence proved conclusively that the child in question is not his biological offspring. This Court affirms.
 I. {¶ 2} Appellant married Appellee on May 9, 1992. Appellee had two children during the marriage: A., born April 27, 1993, and D., born July 4, 1997. On February 23, 2001, the parties filed a joint petition to dissolve their marriage. On April 10, 2001, the common pleas court journalized an entry that dissolved the marriage but deemed the two minor children issue of the marriage. By agreement of the parties, the court designated Appellant as the residential parent in the shared parenting plan, and Appellee was to pay him $303.34 per month in child support.
 {¶ 3} In early 2002, one of Appellee's friends indicated to Appellant that D. was not his biological child and one of A.'s counselors advised Appellant that he should have a DNA test done. A DNA report dated May 22, 2002, revealed that D. is not Appellant's biological child. According to Appellant,[1] he informed Appellee a week later and even gave her the original DNA report, but because he wanted to keep his biological daughter, A., he agreed to keep both children and chose not to tell D. that he was not her biological father.
 {¶ 4} On September 5, 2002, almost four months after Appellant received the DNA test results, the parties filed a joint motion with the court to modify child support. The court journalized the parties' agreement in a November 18, 2002 entry, after which Appellee was obligated to pay Appellant $550 per month ($275 per child, per month) in child support. At this time, neither Appellant nor Appellee informed the court that D. was not Appellant's biological daughter.
 {¶ 5} In January 2004, Appellant was unemployed and in the midst of a divorce from his second wife, so A. and D. went to live with Appellee. On February 4, 2004, the parties filed a joint motion, titled "Agreed Motion to Modify Child Support and Parental Rights and Responsibilities." The court journalized the parties' agreement in a March 22, 2004 entry, which declared Appellee the residential parent of both A. and D., ordered Appellant to pay $0 in support, and granted Appellant parenting time on alternate Sundays. Neither Appellant nor Appellee told the court that D. was not Appellant's biological daughter. Both parties later testified that Appellant did not pursue the parentage issue at that time because Appellee had agreed he would not have to pay her any child support.
 {¶ 6} On Father's Day 2004, Appellee told seven-year-old D. for the first time that Appellant was not her real father. Apparently, some animosity had arisen between the parties, because the next day, June 21, 2004, Appellee filed a motion unilaterally seeking an order for child support. Prior motions had been filed jointly and prior relations had been amicable. When the court set a magistrate's hearing for August 17, 2004, Appellant contacted Appellee to tell her that he had just begun a new job and could not take time off to attend the hearing. There is some dispute between the parties as to whether Appellee agreed to aid with rescheduling the hearing, but it is undisputed that Appellee was fully aware that Appellant could not attend on that day and why he was absent.
 {¶ 7} The hearing occurred as scheduled and Appellant failed to attend. Appellee was present and represented herself. In the written decision, the magistrate was especially critical of Appellant's failure to appear at the hearing. Ultimately, she ordered Appellant to pay child support and calculated the amount using an estimate of Appellant's income that Appellee had made up. The transcript of the hearing is not in the record, but it is evident from the magistrate's written decision that Appellee did not tell the magistrate that she knew beforehand that Appellant would not be attending, nor did she reveal that she knew why. Later, Appellee explained that she did not feel this was her responsibility. Appellee also failed to tell the magistrate that D. is not Appellant's biological daughter, although it is undisputed that she had seen the DNA report by this time. Appellee did assert that Appellant earned $26,000 per year, a statement which was untrue. Appellee also testified that she and Appellant had an off-the-record understanding at the time of the March 22, 2004 modification that they would recalculate child support once Appellant was employed — an assertion that Appellant has vehemently denied.
 {¶ 8} On August 23, 2004, the magistrate issued a decision in which she ordered Appellant to pay Appellee $514.67 per month ($257.33 per child, per month) in child support. Appellant filed objections on September 2, 2004. Notably, Appellant did not deny parentage or raise the issue of the DNA test results as part of these objections. Appellee filed an itemized response to Appellant's objections on September 10, 2004. On September 21, 2004, the court journalized an entry that mistakenly found that Appellant had not objected, so it rendered Appellee's response moot. The court then adopted the magistrate's findings and affirmed the magistrate's decision to order the child support. Appellant filed a motion to reconsider three days later, in which he explained that he had in fact filed objections, which the court had overlooked. Eventually, the court acknowledged the objections, vacated the entry, and scheduled a hearing.
 {¶ 9} However, on September 24, 2004, three days after the decision but before Appellant's motion, the Medina Child Support Enforcement Agency issued an administrative order to Appellant's employer, titled "Order/Notice to Withhold Income for Child and Spousal Support." Thus, Appellant began paying support immediately. On September 28, 2004, Appellant moved to stay this order. Appellee filed a reply which alleged that it would be against the best interests of the children to stay the child support order. The court did not rule on the motion.
 {¶ 10} On November 10, 2004, Appellant moved for relief from judgment and informed the court for the first time that D. was not his biological daughter. His single filing contained three motions. The first was an "O.R.C. § 3119.96 Motion for Relief from Judgment," seeking relief from all judgments deeming him the father of D. or ordering him to pay child support for D., which he pursued under the authority of R.C. 3119.961 and R.C.3119.962. This motion did not state any specific judgment from which he was seeking relief, but would seem to include the April 10, 2001 dissolution and the September 24, 2004 administrative order, since the trial court had already vacated the September 21, 2004 journal entry. The second motion was a "[Civ.R.] 60(B) Motion for Relief from Judgment" from the April 10, 2001 dissolution, under the specific Civ.R. 60(B) provisions (1), (2), (3), and (5). The third motion was a "Motion to Terminate Child Support and Cancel Child Support Arrearages," pursuant to R.C.3119.964. Appellee did not respond to these motions. On February 7, 2005, the court held a hearing to consider these three motions, as well as Appellant's objections to the magistrate's decision and Appellant's motion to stay the administrative order.
 {¶ 11} In a judgment entry dated July 5, 2005, the court denied Appellant's motions and overruled his objections to the magistrate's decision. The court's key finding was expressed in the introductory statement: "The wrinkle in this case is that [Appellant] originally obtained a DNA test on May 22, 2002 that confirmed he was not the father and yet did not move the Court for relief." As such, the court denied the R.C. 3119.962 motion by finding that Appellant knew that he was not D.'s biological father as of May 22, 2002, and yet he did nothing about it, so the court was prohibited by the statute from granting relief. The court denied the Civ.R. 60(B) motion by deeming it untimely, after which the court also found that the circumstances did not meet the Civ.R. 60(B) criteria. The court did not rule on the R.C. 3119.964 motion expressly (it never mentioned R.C. 3119.964
in the entry), but seems to have denied it implicitly via the R.C. 3119.962 findings. Similarly, the court did not expressly rule on the motion to stay the administrative order and only mentioned it in passing, but we may assume that the court implicitly denied it based on the other decisions. The court overruled Appellant's objections to the magistrate's decision on the basis that a court must presume the magistrate's factual findings to be correct unless the appellant files a transcript of the hearing. Appellant did not file a transcript of the magistrate's hearing. In the end, Appellant was ordered to pay child support of $514.67 per month, to be deducted by his employer under the administrative order. Appellant timely appealed, asserting four assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT APPLIED OHIO REVISED CODE SECTION 3119.962(A)(2)(a) AND THEN FOUND `ACCORDINGLY, AS THE HUSBAND KNEW HE WAS NOT THE CHILD'S FATHER PRIOR TO BEING ORDERED TO PAY CHILD SUPPORT, THE TRIAL COURT IS NOT PROHIBITED FROM DENYING HIM RELIEF PURSUANT TO OHIO REVISED CODE SECTION 3119.962(A)(2).'"
 {¶ 12} Appellant asserts that the trial court based its decision on its erroneous factual finding that Appellant had been ordered to pay child support. Appellant explains that he had not been so ordered, stating that because the court vacated the September 21, 2004 journal entry, it was as if there had never been an order that he pay child support. While Appellant is correct as to the trial court's error in reaching this mistaken factual finding, Appellant is incorrect in his assertion that the trial court necessarily based its decision on that finding. We conclude that Appellant has not raised a prejudicial error.
 {¶ 13} Appellant cites a portion of the July 5, 2005 judgment entry as incorrect, but that portion is just an intermediate step in the overall R.C. 3119.962 analysis. In that step, the court found that it was "not prohibited from denying him relief from judgment pursuant to R.C. 3119.962(A)." But, even assuming the court had found otherwise — that it was prohibited from denying him relief from judgment pursuant to R.C. 3119.962(A) — that decision would not change the outcome. The court could still deny him relief pursuant to R.C. 3119.962(B). The court continued its analysis and concluded that "R.C. 3119.962(B) prohibits it from granting [Appellant] relief from judgment." Thus, reconciliation of Appellant's assigned error as to R.C. 3119.962(A) would not alter the outcome of this appeal. This assignment of error is overruled. See Civ.R. 61.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FOUND THAT OHIO REVISED CODE SECTION 3119.962(B) PROHIBITS IT FROM GRANTING RELIEF FROM JUDGMENT."
 {¶ 14} Appellant protests several of the trial court's factual findings, and demonstrates the court's error in reaching these findings. Afterwards, Appellant asserts that the court abused its discretion in denying him relief from the child support order pursuant to R.C. 3119.962(B). This Court disagrees.
 {¶ 15} An abuse of discretion is more than an error of law or judgment, but is instead a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 16} A court may grant relief to a putative father from a parentage determination or child support order, pursuant to the formal statutory scheme. See R.C. 3119.962(A). However, this statute also contains caveats, which include:
"A court shall not grant relief from [a parentage determination or child support order] * * * if the court determines, by a preponderance of the evidence, that the [putative father] * * * knew that he was not the natural father of the child before [he] admitted or acknowledged himself to be the child's father." R.C.3119.962(B)(3).
Regardless of the disputed, questionable, or otherwise clearly erroneous findings, the trial court made the following pertinent finding:
"So, though [Appellant] knew he was not [D.]'s father in [May] 2002, he did not do anything about it. In fact, on November 18, 2002, with knowledge that he was not [D.]'s father he agreed that the Wife would pay him $275 per month per child for child support."
This is a fact that Appellant does not dispute: even after obtaining the DNA test results, Appellant appeared before the trial court to receive additional child support from Appellee, and in so doing, necessarily represented himself as D.'s father. Thus, having "admitted or acknowledged himself to be the child's father," Appellant is prohibited from relief pursuant to this statute. R.C. 3119.962(B)(3).
 {¶ 17} Accordingly, this Court must conclude that the trial court properly applied the statute in this respect, and therefore, did not abuse its discretion. This assignment of error is overruled.
 C. Third Assignment of Error
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B) OF THE OHIO RULES OF CIVIL PROCEDURE."
 {¶ 18} Appellant asserts that the trial court erred in denying his Civ.R. 60(B) motion, in which he sought relief from the April 10, 2001 judgment that dissolved his marriage and deemed the children his issue. Specifically, Appellant argues that "[Civ.R.] 60(B)(4) provides that a ground for vacation of the judgment is [that] `it is no longer equitable that it should have prospective application.'" However, Appellant's November 10, 2004 motion to the trial court asserted only the Civ.R. 60(B) reasons numbered (1), (2), (3), and (5). Appellant did not assert Civ.R. 60(B)(4) as a reason justifying relief. Issues that were not raised to the trial court may not be considered for the first time on appeal. Wilson v. Murch, 9th Dist. No. 05CA0046,2006-Ohio-1491, ¶ 9. This assignment of error is overruled.
 D. Fourth Assignment of Error
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT APPLIED THE PRINCIPAL OF EQUITABLE ESTOPPEL TO THE CONDUCT OF MR. ROZHON AND DID NOT CONSIDER THE CONDUCT OF MS. GALLOWAY."
 {¶ 19} While Appellant is correct in his assertions that the trial court abused its discretion by invoking equitable estoppel, in a manner both procedurally improper and substantively incorrect, this error did not prejudice Appellant under the circumstances. Because reconciliation of this error would not alter the outcome of this appeal, this assignment of error is overruled. See Civ.R. 61.
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Whitmore, J. Concur.
[1] Appellee claims that she was not informed of the DNA test results or this parentage issue until January 10, 2004. However, even if Appellee did not know of her daughter's illegitimacy until January 10, 2004, both the analysis and outcome of this appeal would remain the same. Accordingly, we find this discrepancy to be immaterial.