DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Lorain County Child Support Enforcement Agency ("CSEA") has appealed from the judgment of the Lorain County Court of Common Pleas, Juvenile Division ("Lorain Juvenile Court"), which granted Defendant-Appellee Columbus Wilson's motion for relief from judgment and other equitable relief. This Court reverses.
 I {¶ 2} As an initial matter, we note that Defendant-Appellee Columbus Wilson did not file an appellate brief. Therefore, this Court may accept CSEA's statement of the facts and issues as correct. See App.R. 18(C).
 {¶ 3} On October 24, 1989, CSEA filed a complaint in the Lorain County Court of Common Pleas, Juvenile Division on behalf of Plaintiff-Appellant Yolanda Hardy, seeking: 1) the establishment of paternity regarding the minor child, PAH; 2) a child support order against Defendant-Appellee Columbus Wilson for support of PAH; and 3) reimbursement for any public assistance received by Hardy, the mother of PAH. CSEA became a party to the action by virtue of Hardy assigning to it her right to child support. On November 28, 1989 the Lorain Juvenile Court Clerk's office received the green certified mail card bearing Appellee's signature, indicating that he had received service. However, Appellee took no action in the matter.
 {¶ 4} On February 16, 1990, CSEA filed a motion for default judgment. On April 14, 1990, Appellee was named the biological father of PAH, was ordered to pay child support in the amount of $35 per week, and was ordered to reimburse the Ohio Department of Jobs and Family Services the amount of $3,831.58, at a rate of $5 per week, for birth expenses. On December 28, 2004 Appellee filed a motion for relief from judgment and "other equitable relief."
 {¶ 5} Appellee's motion was based on Civ.R. 60(B), R.C.3119.961 and R.C. 3119.967. Appellee moved the trial court to vacate the paternity determination and to terminate his child support obligation based upon a DNA parentage test report dated August 13, 2002. The DNA test stated a probability of paternity to be zero percent. Appellee never served CSEA with the motion.
 {¶ 6} On September 26, 2005, the trial court granted Appellee's motion. The judgment relieved Appellee from the prior paternity determination and extinguished his child support obligation, including any arrearages.
 {¶ 7} CSEA has timely appealed asserting two assignments of error.
 II Assignment of Error Number One
"THE TRIAL COURT LACKED JURISDICTION TO ENTERTAIN APPELLEE WILSON'S MOTION FOR RELIEF FROM JUDGMENT AND OTHER EQUITABLE RELIEF."
 {¶ 8} In its first assignment of error, CSEA has argued that trial court lacked jurisdiction to determine Appellee's motion for relief from judgment and other equitable relief. Specifically, CSEA has argued that Appellee's motion was essentially a motion to modify child support and that he was required to serve CSEA with the motion under the Civil and Juvenile Rules of Procedure. As CSEA was a party to the action and not served, the failure to do so left the trial court with no jurisdiction to entertain the motion.
 {¶ 9} A complete review of the record indicates that CSEA did not raise the jurisdictional issue in the trial court below. The record is clear that CSEA filed a brief in opposition to Appellee's motion and that they did not assert jurisdiction as an issue therein. Instead, CSEA's brief focused on: 1) Appellee's failure to comply with R.C. 3119.962; 2) material prejudice to CSEA due to Appellee's delay in filing the motion; 3) the unconstitutionality of R.C. 3119.96 et. seq.; and 4) that the Revised Code and relevant case law did not support Appellee's motion.
 {¶ 10} This Court has held that "[i]ssues that were not raised to the trial court may not be considered for the first time on appeal." Rozhon v. Rozhon, 9th Dist. No. 05CA0075-M,2006-Ohio-3118, at ¶ 18, citing Wilson v. Murch, 9th Dist. No. 05CA0046, 2006-Ohio-1491, at ¶ 9. In Wilson, this Court stated that for all issues other than subject matter jurisdiction: "`an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.'"Wilson at ¶ 9, quoting State v. Williams (1977),51 Ohio St.2d 112, 117, reversed on other grounds (1978), 438 U.S. 911.
 {¶ 11} Accordingly, CSEA's first assignment of error lacks merit.
 Assignment of Error Number Two
"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE WILSON'S MOTION FOR RELIEF FROM JUDGMENT AND OTHER EQUITABLE RELIEF."
 {¶ 12} In its second assignment of error, CSEA has argued that the trial court abused its discretion when it granted Appellee's motion for relief from judgment and other equitable relief. Specifically, CSEA has argued that the paternity test on which Appellee's Civ.R. 60(B) motion was based was invalid as it did not conform to the statutory timetable for such tests. We agree.
 {¶ 13} This Court reviews the grant or denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard. Turowski v. Apple Vacations, Inc., 9th Dist. No. 21074, 2002-Ohio-6988, at ¶ 6, citing Rose Chevrolet,Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes more than a mere error in judgment; it signifies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990),53 Ohio St.3d 161, 169.
 {¶ 14} Appellee based his motion for relief from judgment in part on R.C. 3119.961 and 3119.962. R.C. 3119.961(A) provides in pertinent part:
"Notwithstanding the provisions to the contrary in Civil Rule 60(B) and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or administrative determination or order that determines that the person * * * is the father of a child or from a child support order under which the person * * * is the obligor. Except as otherwise provided in this section, the person shall file the motion in the division of the court of common pleas of the county in which the original judgment, court order, or child support order was made or issued or in the division of the court of common pleas of the county that has jurisdiction involving the administrative determination or order."
Further, R.C. 3119.962 provides in pertinent part:
"(A)(1) Upon the filing of a motion for relief under section3119.961 of the Revised Code, a court shall grant relief from a final judgment, court order, or administrative determination or order that determines that a person * * * is the father of a child or from a child support order under which a person or male minor is the obligor if all of the following apply:
"(a) The court receives genetic test results from a genetic test administered no more than six months prior to the filing ofthe motion for relief that finds that there is a zero per cent probability that the person or male minor is the father of the child." (Emphasis added).
 {¶ 15} Accordingly, in the instant matter, Appellee was only entitled to relief from the parentage determination and child support order if he provided the trial court with a genetic test that conclusively excluded him as the biological father of PAH. Further, the statute requires that the genetic test to have been administered no more than six months prior to the filing of the motion for relief.
 {¶ 16} When called on to interpret a statute, the following maxim controls:
"[T]he intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact." State v. Hairston (1998), 101 Ohio St.3d 308,2004-Ohio-969, at ¶ 12, quoting Slingluff v. Weaver (1902),66 Ohio St. 621, paragraph two of the syllabus.
Thus, barring some ambiguity in the plain language of the statute, we must apply the meaning of the statute as written.State v. Rousseau, 159 Ohio App.3d 34, 2004-Ohio-5949, at ¶ 10.
 {¶ 17} This Court concludes that the language of R.C.3119.962 is plain and unambiguous. First, we note that the requirements of the statute are conjunctive in nature. The statute requires all three elements to be present before a trial court may grant relief from a parentage determination or child support order. Second, the statute clearly states that the genetic test relied upon must have been administered no later than six months prior to the filing of the motion for relief from judgment.
 {¶ 18} In the present case, Appellee's exculpatory DNA test was administered on August 8, 2002, and the report was generated on August 13, 2002. Appellee filed his motion for relief from judgment on December 28, 2004, over two years later. On June 10, 2005, Appellee filed a brief in support of his motion and included as exhibits a "recertified" copy of the DNA test[1] and an affidavit from the laboratory director of DNA Diagnostics Center, Michael L. Baird, attesting to the validity of the report. It is clear that the DNA test relied upon by Appellee was non-compliant with the statutory timeframe mandated by R.C. 3119.962(A)(1)(a).
 {¶ 19} The trial court granted Appellee's motion for relief from judgment despite this discrepancy, finding that the recertified DNA test report and Baird's affidavit brought Appellee in compliance with R.C. 3119.962(A)(1)(a). In doing so, the trial court effectively created an exception to the statute which allowed Appellee to "cure" the non-compliant DNA test by recertifying the test and filing an affidavit attesting to the validity of the test. This Court finds that the trial court erred in doing so for two reasons.
 {¶ 20} First, there is no authority to support this exception to the statutory rule. The statute is specific that the test must have been administered no more than six months prior to the filing of the motion. Although Appellee "recertified" the original test, there can be no doubt that the test was still "administered" on August 8, 2002. Further, there is nothing in the statute to suggest that curing the non-compliant DNA test was an option envisioned by the legislature. Accordingly, the trial court arbitrarily created an exception in this specific case and consequently abused its discretion.
 {¶ 21} Second, assuming arguendo that the recertification of the DNA test was acceptable, the test still fell outside the statutory timeframe allowed by R.C. 3119.962(A)(1)(a). The plain language of the statute requires that the test have been administered "no more than six months prior to the filing of the motion for relief." As the recertification occurred on March 4, 2005, the DNA test was not administered prior to the filing of the motion for relief, which occurred on December 28, 2004. Therefore, even accepting the recertified DNA test, this Court finds that R.C. 3119.962(A)(1)(a) was still not satisfied.
 {¶ 22} Accordingly, CSEA's second assignment of error has merit.
 III {¶ 23} Based on the foregoing, CSEA's first assignment of error is overruled. CSEA's second assignment of error is sustained. The judgment of the Lorain Juvenile Court is reversed and the cause remanded for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Moore, J. Boyle, J. concur.
[1] The "recertified" DNA test constituted a copy of the original test report, dated August 13, 2002, notarized on March 4, 2005.