[Cite as *Reigert v. Ruscin*, 2018-Ohio-2087.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

JOHN L. REIGERT, EXECUTOR OF THE
ESTATE OF LORI A. REIGERT,
DECEASED

      Appellant

      v.

KEVIN A. RUSCIN

      Appellee

C.A. No.     17CA011195

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    16PC00032

DECISION AND JOURNAL ENTRY

Dated: May 29, 2018

TEODOSIO, Presiding Judge.

**{¶1}** John L. Reigert, executor of the estate of Lori A. Reigert, appeals the judgment of the Lorain County Court of Common Pleas, Probate Division, entered on August 10, 2017, overruling his objections and adopting the magistrate's decision. We affirm.

I.

**{¶2}** Lori A. Reigert passed away in March 2016, and her father, John L. Reigert, was appointed as executor of the estate. In June 2016, Mr. Reigert filed a complaint alleging concealment of assets against Kevin A. Ruscin, who had been Ms. Reigert's fiancé. The assets at issue included an engagement ring, a bike rack, a space heater, and two card tables. At a hearing before the magistrate in November 2016, Mr. Reigert also disputed ownership of the proceeds of a fundraiser held at the Willoughby Brewing Company. Also at the hearing, Mr.

Ruscin was questioned with regard to a proposed release of claims drafted by his attorney and presented to Mr. Reigert.

{¶3} The magistrate issued a decision in December 2016, and upon Mr. Reigert's request for findings of fact and conclusions of law, the magistrate issued a supplemental decision in January 2017. Mr. Reigert filed objections to these decisions, and on August 10, 2017, the trial court overruled Mr. Reigert's objections and adopted the decision of the magistrate, finding Mr. Ruscin not guilty of the concealment of assets. The trial court entered judgment that the engagement ring and bike rack were the property of Mr. Ruscin, denied Mr. Reigert's claims as to the remaining tangible personal property items, and divided the proceeds of the Willoughby Brewing Company fundraiser equally between Mr. Ruscin and Ms. Reigert's estate.

{¶4} Mr. Reigert now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE MAGISTRATE IN THE HEARING AND IN HIS DECISION/SUPPLEMENT DECISION (AKA DECISION) AND THE TRIAL COURT IN ITS JUDG[]MENT IGNORED THE PLAINTIFF'S/APPELLANT'S OBJECTIONS TO THE DECISION, ABUSED JUDICIAL DISCRETION, IGNORED MULTIPLE, OBVIOUS PLAIN ERRORS, MADE DECISIONS AGAINST THE MANIFEST WEIGHT AND SUFFICENCY OF THE EVIDENCE[,] AND [WERE] BIAS[ED]/PREJUDICE[D] AGAINST THE PLAINTIFF/APPELLANT REIGERT, THE EXECUTOR, THROUGHOUT THE PROCESS SO THAT THE PLAINTIFF/APPELLANT REIGERT, EXECUTOR[,] WAS NOT AFFORDED HIS RIGHT TO A FAIR TRIAL.

{¶5} In his assignment of error, Mr. Reigert raises multiple arguments which he has divided into six categories: bias, the release, the ring, fundraiser proceeds, the bike rack, and miscellaneous personal property. We adopt this structure in addressing his arguments below.

{¶6} "This Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai v. Tabatabai*, 9th Dist. Medina No. 08CA0049-M, 2009-

Ohio-3139, ¶ 17. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). As a reviewing court applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai* at ¶ 18.

{¶7} We consider "whether the trial court abused its discretion by determining that the findings of the magistrate were supported by the weight of the evidence." *Id*. "When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context." *Boggs v. Boggs*, 9th Dist. Medina No. 3229-M, 2002 Ohio App. LEXIS 1237, *3 (Mar. 20, 2002). In a challenge as to the weight of the evidence:

> [t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.

*Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Manifest weight challenges the burden of persuasion. *Eastley* at ¶ 19. A weight of evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. *Thompkins* at 387.

{¶8} Mr. Reigert first argues the trial court and magistrate were unfairly biased against him. An Ohio district court of appeals "has no authority to render a decision with regard to disqualification, or to void a trial court's judgment on the basis of personal bias or prejudice on the part of a trial judge." (Citation omitted.) *State v. Hunter*, 151 Ohio App.3d 276, 2002-Ohio-

7326, ¶ 18 (9th Dist.). This Court does not have authority to address Mr. Reigert's impartiality argument or to overturn the trial court's judgment on that basis. *See Shih v. Byron*, 9th Dist. Summit No. 25319, 2011-Ohio-2766, ¶ 24 ("It is not the role of this Court to make a determination as to whether the trial court exhibited a bias against a party."). "Ordinarily, matters pertaining to judicial bias may only be heard by the Chief Justice of the Ohio Supreme Court or his or her designees." *King v. Rubber City Arches, L.L.C.*, 9th Dist. Summit No. 25498, 2011-Ohio-2240, ¶ 6. We conclude this Court does not have authority to address the alleged impartiality of the trial court.

{¶9} Mr. Reigert next argues the release prepared by Mr. Ruscin constituted a culpable act. Mr. Reigert did not raise this issue at the trial court level in his objections to the magistrate's decision. "Issues that were not raised to the trial court may not be considered for the first time on appeal." *Rozhon v. Rozhon*, 9th Dist. Medina No. 05CA0075-M, 2006-Ohio-3118, ¶ 18. Accordingly, this Court will not address this line of argument.

{¶10} Mr. Reigert's third argument is that the engagement ring was awarded to Mr. Ruscin based upon inadmissible hearsay. Mr. Reigert references the magistrate's finding of fact number thirteen and page nine of the transcript of the November 22, 2016, hearing before the magistrate which contains testimony from Mr. Ruscin that Ms. Reigert told him to "take the ring back because she didn't want me to be in debt with the ring." No objection or motion to strike Mr. Ruscin's alleged hearsay statement was made at the hearing or before the magistrate issued the decision. "Where the answer to a proper question contains hearsay, and there is no objection to or motion to strike such hearsay * * * such evidence may properly be considered and given its natural probative effect as if it were at law admissible, the only question being with regard to how much weight should be given thereto." *State v. Petro*, 148 Ohio St. 473 (1947), paragraph

eight of the syllabus. Because no objection or motion to strike was made with regard to the testimony in question, consideration of said testimony was not improper.

{¶11} Mr. Reigert next argues the trial court erred in dividing proceeds from the Willoughby Brewing Company fundraiser between Mr. Ruscin and the estate because it was "inexplicable and unreasonable" and against "the manifest weight and sufficiency of the evidence." At the hearing, Mr. Ruscin testified that the Willoughby Brewing Company fundraiser took place after Ms. Reigert's death, although it had been advertised for approximately two months before her passing. He testified that the fundraiser was for the benefit of both Ms. Reigert and himself, in part for the purposes of helping him financially to take care of Ms. Reigert and to cover the costs of travel, bills, food, and missed work. He further testified that the Willoughby Brewing Company fundraiser was attended primarily by his family and friends. The magistrate determined that the proceeds from the Willoughby Brewing Company fundraiser should be shared equally between Mr. Ruscin and the estate. The trial court found there was sufficient evidence for the magistrate to determine that division of ownership regarding the proceeds. We conclude the trial court did not abuse its discretion.

{¶12} Mr. Reigert also argues the trial court "ignored the manifest weight and the sufficiency of the evidence" and considered inadmissible hearsay evidence in awarding the bike rack to Mr. Ruscin. At the hearing, Mr. Ruscin testified that Ms. Reigert had given him the bike rack. No objection or motion to strike was made with regard to the testimony. The magistrate determined that the bike rack was the property of Mr. Ruscin based upon his testimony that Ms. Reigert had gifted it to him, and the trial court adopted the decision of the magistrate and found the bike rack to be the property of Mr. Ruscin. We conclude the trial court did not abuse its discretion.

**{¶13}** Finally, Mr. Reigert states the trial court erred in its determinations with regard to the space heater and card tables, which he alleged are his own personal property. Mr. Ruscin testified that although the space heater and card tables had at one time been at his house, he was no longer in possession of them. Mr. Reigert offered testimony that he had seen the items at Mr. Ruscin's house at some point in the past. The magistrate's decision stated that Mr. Ruscin maintained he did not have possession of the items and the trial court found there was insufficient evidence presented as to Mr. Ruscin's possession or control of such items and denied Mr. Reigert's claims as to those items. We conclude the trial court did not abuse its discretion.

**{¶14}** Mr. Reigert's assignment of error is overruled.

III.

**{¶15}** Mr. Reigert's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN L. REIGERT, pro se, Appellant.

JAMES D. FALVEY, Attorney at Law, for Appellee.