[Cite as *Auto Owners Ins. Co. v. Truck Line Dispatch, Inc.*, 2013-Ohio-2988.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

AUTO OWNERS INSURANCE CO.

    Appellee

    v.

TRUCK LINE DISPATCH, INC.

    Appellant

C.A. No.    26581

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    11 CVF 07084

DECISION AND JOURNAL ENTRY

Dated: July 10, 2013

CARR, Judge.

{¶1} Appellant, Truck Line Dispatch, Inc., appeals the judgment of the Akron Municipal Court. This Court affirms.

I.

{¶2} Appellee, Auto Owners Insurance Company, filed a complaint against Truck Line on August 11, 2011, for money due as payment for insurance coverage provided by Auto Owners to Truck Line. On August 16, 2011, an agent of Truck Line signed the certified mail receipt for the complaint. Truck Line failed to answer and, on October 4, 2011, Auto Owners filed a motion for default judgment. The trial court granted the motion and entered judgment in favor of Auto Owners against Truck Line in the amount of $7,848.99, plus interest and costs.

{¶3} Subsequently, at Auto Owners' request, the Akron Municipal Clerk of Courts issued a certificate of judgment lien and the trial court issued an order in aid of execution, directing the owner and statutory agent of Truck Line to appear for a debtor's examination. An

agent of Truck Line signed the certified mail receipt for the order in aid of execution. After the agent failed to appear as ordered, Auto Owners filed a motion for the agent to show cause why he should not be held in contempt. The trial court issued a summons and order for the agent to appear and show cause. A deputy sheriff signed an affidavit of service, averring that he served the statutory agent by leaving a copy of the show cause summons and order to appear at Truck Line's usual place of business with an agent of the company.

{¶4} On June 26, 2012, Truck Line filed a motion for relief from judgment pursuant to Civ.R. 60(B), in which it argued that it was not served with process including the summons and complaint. Appended to the motion was the affidavit of the president of Truck Line who averred that the company was not served with process including the summons and complaint. Auto Owners filed a brief in opposition to the Civ.R. 60(B) motion, and Truck Line replied. The trial court denied the motion for relief from judgment. Truck Line appealed and raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT GRANTED DEFAULT JUDGMENT AGAINST TRUCK LINE DISPATCH IN FAVOR OF THE APPELLEE AUTO OWNERS INSURANCE CO. IN THE AMOUNT OF $7964.99 IN SPITE OF THE FACT THE APPELLEE HAS NOT PROVED IN RESPONSE TO THE TRUCK LINE DISPATCH CIVIL RULE 60(B)(5) MOTION THAT APPELLANT WAS VALIDLY SERVED WITH CIVIL ACTION PROCESS.

{¶5} Truck Line argues that the trial court erred by denying its motion for relief from default judgment because it was not properly served with the complaint. This Court disagrees.

{¶6} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an

abuse of the discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶7}  Civ.R. 60(B) states, in relevant part,

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

{¶8}  To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶9}  In this case, Truck Line argued that it was entitled to relief from judgment on the basis of Civ.R. 60(B)(5) because Auto Owners failed to properly serve it with a copy of the complaint. Specifically, Truck Line argues that because its president, Christian Popoiu, was not served with a copy of the complaint, service was not perfected.

{¶10} Civ.R. 4.2(F) provides that service of process may properly be effected upon a corporation "by serving the corporation at any of its usual places of business by a method authorized under Civ.R. 4.1(A)(1)[.]" Civ.R. 4.1(A)(1)(a) provides, in relevant part: "Evidenced by return receipt signed by any person, service of any process shall be by United States certified or express mail * * *."

{¶11} Auto Owners attached a statement of account to its complaint. The statement of account indicated that it provided insurance to Truck Line at the following business address: "429 N Hawkins Ave Apt 414 Akron OH 44313-6175". The Akron Municipal Court Clerk's Office served Truck Line at that address. An agent of Truck Line signed the certified mail receipt on August 16, 2011, indicating that the complaint had been served on the company at one of its usual places of business. Accordingly, the record demonstrates that Truck Line was properly served.

{¶12} In his affidavit appended to his Civ.R. 60(B) motion, Mr. Popoiu averred that he is the president of Truck Line and that Truck Line was not served with process including the summons and complaint. However, he does not dispute that the North Hawkins, Akron, Ohio address above is a usual place of business for Truck Line or that the certified mail receipt evidencing service of the summons and complaint on Truck Line was signed by someone at that business location. Accordingly, Truck Line has not demonstrated that it was not properly served and that the trial court erred by denying its motion for relief from judgment on the basis of lack of service.

{¶13} To the extent that Truck Line argues that the trial court erred by failing to hold an evidentiary hearing on its motion, the argument is not well taken. This Court has long recognized that "[a] party moving for relief from judgment under Civ.R. 60(B) is not

automatically entitled to an evidentiary hearing." *Deberte v. Deberte*, 9th Dist. Summit No. 19461, 2000 WL 422429 (Apr. 19, 2000). "If * * * the material submitted by the movant does not provide operative facts which demonstrate that relief is warranted, the trial court may deny the motion without holding a hearing." *Id.*, quoting *Gaines & Stern Co., L.P.A. v. Schwarzwald, Robiner, Wolf & Rock Co., L.P.A.*, 70 Ohio App.3d 643, 646 (8th Dist.1990).

{¶14} In this case, Truck Line submitted Mr. Popoiu's affidavit in support of Truck Line's motion. The affidavit contained no operative facts to demonstrate that service was not properly effected on the corporation at one of its usual places of business by certified mail. Accordingly, the trial court did not err by denying the motion without first conducting an evidentiary hearing.

{¶15} For the reasons stated above, Truck Line's assignment of error is overruled.

III.

{¶16} Truck Line's sole assignment of error is overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT


MOORE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

MICHAEL T. CONWAY, Attorney at Law, for Appellant.

JEFFREY L. KOBERG, Attorney at Law, for Appellee.