[Cite as *Paintiff v. Eberwein*, 2016-Ohio-5464.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

RUSSELL PAINTIFF

    Appellant

    v.

KATHLEEN EBERWEIN
fka KATHLEEN PAINTIFF

    Appellee

C.A. No.    14CA0117-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    12 DR 0423

DECISION AND JOURNAL ENTRY

Dated: August 22, 2016

CARR, Presiding Judge.

{¶1} Plaintiff-Appellant, Russell Paintiff, Jr. ("Husband"), appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} Husband and Defendant-Appellee, Kathleen Eberwein f/k/a Paintiff ("Wife"), were married in August 1989. Husband filed for divorce in August 2012, and Wife counterclaimed for the same. On May 30, 2013, the parties appeared before the trial court for the final hearing on their divorce, but the contested hearing never went forward. Counsel for both parties informed the court that they had reached a settlement, and the settlement was read into the record. Following the in-court settlement, the trial court entered a notation on the docket, indicating that the parties had settled.

{¶3} Before the court filed a judgment entry on the parties' settlement, Husband filed a motion for relief from judgment. In his June 28, 2013 motion, Husband asked the court to vacate the parties' oral settlement because his mental faculties were impaired at the time the settlement occurred. He argued that he was unable to meaningfully engage in the negotiations and comprehend the proceedings because he was sleep deprived, was suffering from PTSD, and had ingested a large amount of prescription medication in an attempt to cope with his stress and anxiety. The court ultimately dismissed Husband's motion because he filed it before the court entered judgment. On July 3, 2013, the trial court entered a judgment consistent with the parties' settlement. Husband did not appeal from the judgment entry of divorce.

{¶4} Subsequently, both parties filed motions for relief from judgment. Husband filed his motion on the same grounds that he asserted in his earlier motion. Meanwhile, Wife filed her motion on the ground that the judgment entry inadvertently identified Husband's retirement account as a SERS account rather than an OPERS account. The trial court granted Wife's motion and issued a nunc pro tunc entry. It then set the matter for a hearing on Husband's motion. Because the trial judge who presided over the parties' in-court settlement recused herself, a different trial judge conducted the hearing on Husband's motion. Following the hearing, both parties filed post-hearing briefs. The trial court then issued a judgment entry denying Husband's motion for relief from judgment.

{¶5} Husband now appeals from the court's denial of his motion and raises two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DISMISSED MOTION FOR RELIEF FROM JUDGMENT FILED ON SEPTEMBER 26, 2013 BECAUSE IT DID

NOT PROPERLY ADDRESS LACK OF MENTAL CAPACITY OF THE HUSBAND AS A RESULT OF HIS PERSONAL ASSAULT ON AUGUST 8, 2012, COERCION OF THE COURT AND HIS MEDICAL DIAGNOSIS OF POST-TRAUMATIC STRESS DISORDER IN RELATIONSHIP TO WILLINGLY ENTER IN THE MAY 30, 2013 SETTLEMENT AGREEMENT PURSUANT TO RULE 60(B)(5).

{¶6} In his first assignment of error, Husband argues that the court erred by denying his motion for relief from judgment. Specifically, he argues that he was entitled to relief from judgment because he demonstrated that he lacked the mental capacity to enter into a settlement on the day that the parties settled.

{¶7} At the outset, we note that Husband has appeared pro se on appeal. With respect to pro se litigants, this Court has observed:

[P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [pro se appellants] to the same standard as any represented party.

(Internal citations omitted.) *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, ¶ 3.

{¶8} "The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion." *Auto Owners Ins. Co. v. Truck Line Dispatch, Inc.*, 9th Dist. Summit No. 26581, 2013-Ohio-2988, ¶ 6. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "Civ.R. 60(B)(5) operates as a catch-all provision and 'reflects the inherent power of a court to relieve a person from the unjust operation of a judgment.'" *Wells Fargo Bank, N.A. v. Clucas*, 9th Dist. Summit No. 27264, 2015-Ohio-88, ¶ 13, quoting *Chuck Oeder Inc. v. Bower*, 9th Dist. Summit No. 23785, 2007-Ohio-7032, ¶ 10. It "is only to be used in an extraordinary and unusual case when the interests of justice warrant[] it." (Internal quotation and citation omitted.) *Myers v. Myers*, 9th Dist. Summit No. 22393, 2005-Ohio-3800, ¶ 14.

{¶10} Initially, we note that Husband repeatedly refers to a motion for relief from judgment that he filed on September 26, 2013. Husband, however, never filed a motion for relief from judgment on that day, Wife did. Husband filed a motion for relief from judgment on June 28, 2013, which the court dismissed, and another motion on January 31, 2014, which the court denied. Husband has appealed strictly from the court's ruling on the latter motion. Accordingly, to the extent he argues that the court erred by dismissing his September 26, 2013 motion, we presume that he means to challenge the court's denial of his January 31, 2014 motion. We limit our review to the court's denial of that motion.

{¶11} Husband sought relief from judgment on the basis that he was mentally incapable of understanding and participating in the settlement discussions the day that the parties settled. In his affidavit, Husband averred that he suffered from PTSD as well as physical pain and that he "took no less than thirteen pills in a fifteen and one half hour period leading up to [his] divorce

hearing." He further averred that he did not remember participating in the settlement hearing because the prescription medication compromised his mental faculties. Likewise, Husband testified at the hearing on his motion for relief that he remembered very little of the in-court settlement hearing. He stated that he was suffering from stress and pain leading up to the hearing, so he kept taking his prescription medications to cope. According to Husband, he briefly remembered speaking to his attorneys before the hearing and listening to them say that the trial judge intended to award Wife lifetime alimony. He also recalled the court's bailiff commenting a few times that, if he did not settle with Wife, the judge would not be happy. Husband testified that he did not recall agreeing to the specific terms of the settlement and that, having reviewed those terms after the fact, he would not have agreed to them if he had been coherent. Husband admitted that he never told anyone at the hearing that he was impaired, but claimed that he did not realize it at the time.

{¶12} At the hearing on his motion for relief from judgment, Husband also presented the testimony of his girlfriend, Eliza Demetriou. Ms. Demetriou testified that she was with Husband in the days leading up to the scheduled divorce hearing and was concerned about the amount of prescription medication that he was taking. She testified that Husband called her early on the morning of the scheduled divorce hearing and sounded very tired. She also spoke to him around lunchtime and testified that he sounded confused. According to Ms. Demetriou, Husband called her again right after the settlement occurred and his speech was slurred. She testified that Husband told her that he did not know what had happened. Ms. Demetriou stated that she was present when Husband received the transcript of the settlement hearing. She testified that he was astounded when he read the transcript and saw the terms to which he had agreed.

{¶13} As previously noted, Husband was represented by two attorneys during the in-court settlement hearing. The hearing transcript reflects that Wife's counsel placed the terms of the settlement on the record, and one of Husband's attorneys contributed on several points. Husband then asked to speak and expressed his discontent with Wife receiving a particular item from the marital home. That item was then discussed in detail, with Husband speaking several more times and responding to the court's statements. Husband offered intelligent responses and never indicated that he was confused. Further, Husband's attorney questioned him at the conclusion of the hearing. Husband agreed that he had contributed to the preparation of the settlement agreement, but also stated that he had a question. At that point, the court stopped the proceedings to allow Husband to confer with his counsel. When the proceedings resumed, Husband agreed that he believed the separation agreement was fair and equitable under the circumstances. He further agreed that he was willing to adopt the settlement.

{¶14} The trial court determined that Husband was not entitled to relief from judgment because the transcript of the in-court settlement reflected that he actively participated in the hearing and asked meaningful questions. The court noted that, at one point, Husband specifically asked to speak because he was unhappy with a portion of the settlement, which entitled Wife to a particular item from the marital residence. The court further noted that the trial judge later stopped the proceedings to allow Husband to confer with his counsel because Husband had said that he had a question. The court found that there was no evidence that Husband had failed to comprehend the proceedings, that the property distribution was inequitable, or that Husband had proceeded without the advice of counsel. Consequently, the court concluded that Husband failed to meet his burden under Civ.R. 60(B)(5).

{¶15} Upon review, we cannot conclude that the trial court abused its discretion when it denied Husband's motion for relief from judgment. Although Husband claims that he was under the influence of narcotics and unable to comprehend the settlement proceedings, the transcript from the hearing contradicts his claims. As the trial court noted, Husband actively participated in the proceeding, interjected when he disagreed with an item, offered intelligent responses, and posed a question to his counsel before indicating that he adopted the terms of the settlement. The transcript does not contain any instances of Husband struggling to find the right words or answer questions. It also does not contain any instances of the trial judge or any of the three attorneys present noting their concern that Husband appeared to be confused or slurring his speech. Husband has not shown that this is the "extraordinary and unusual case" where relief under Civ.R. 60(B)(5) would have been warranted. *Myers*, 2005-Ohio-3800, at ¶ 14. Consequently, the trial court's decision to deny his motion for relief was not unreasonable, arbitrary, or unconscionable.

{¶16} Husband also argues that the parties' settlement was the result of coercion. He avers that, on the day of settlement, the trial court's bailiff repeatedly informed him and his attorneys that the judge would be unhappy if they refused to settle. He also avers that the trial judge threatened to award Wife lifetime alimony if he refused to settle. He argues that the pressure he felt from the trial judge and her bailiff amounted to undue influence and "contributed to his confusion and state of mind."

{¶17} Husband did not argue undue influence or coercion as a result of the trial judge and/or her bailiff in his motion for relief from judgment, the affidavit he attached to his motion, or the post-hearing brief that he filed in support of his motion. Moreover, none of the factual allegations he cites in support of his argument appear in the transcript from the in-court

settlement hearing. *See Clayton v. Walker*, 9th Dist. Summit No. 26538, 2013-Ohio-2318, ¶ 11, quoting *State v. Ishmail*, 54 Ohio St.2d 402, 406 (1978) (reviewing courts are "'limited to what transpired in the trial court as reflected by the record made of the proceedings'"). This Court will not address Husband's additional arguments for the first time on appeal. *See Rozhon v. Rozhon*, 9th Dist. Medina No. 05CA0075-M, 2006-Ohio-3118, ¶ 18. Husband's first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY ASSUMING WIFE COUNSEL'S MISTAKE PERTAINING TO THE STRS PENSION AS A CLERICAL ERROR WHEN IN FACT IT WAS A MISREPRESENTATION TO THE COURT ON MAY 30, 2013. TRIAL COURT ALLOWED THE MISREPRESENTATION TO STAND AS A CLERICAL ERROR WITHOUT NOTIFYING THE HUSBAND OR SETTING ASIDE THE SETTLEMENT PURSUANT TO RULE 60(B)(5).

{¶18} In his second assignment of error, Husband argues that the trial court erred when it issued a nunc pro tunc entry in response to Wife's motion for relief from judgment. He argues that, during the in-court settlement hearing, Wife's counsel misrepresented to the court that Husband had an STRS pension when, in fact, he never had that type of pension. Because there was a misrepresentation, Husband argues, there was no clerical error that the court could simply correct through a nunc pro tunc entry.

{¶19} The record reflects that, at the in-court settlement hearing, Wife's counsel informed the trial court that Husband had several financial accounts, one of which was an SERS account.[1] Following the court's entry of judgment, Wife's counsel notified the court that the account was, in fact, an OPERS account and not an SERS account. Husband argues that

---

[1] On appeal, Husband mistakenly asserts that counsel referred to the account as an STRS account. Wife's counsel never indicated that Husband possessed an STRS account. Instead, counsel referred to the account as an SERS account. The court's original judgment entry also refers to the account as an SERS account.

counsel's in-court statement amounted to fraud. He further argues that Wife's counsel somehow attempted to defraud the court by mentioning that he had another account worth $298,000 and by not providing a full disclosure of Wife's financial statements. Because Wife's counsel defrauded the court, he argues, the court erred by not providing him relief from judgment under Civ.R. 60(B)(5).

{¶20} "Issues that were not raised to the trial court may not be considered for the first time on appeal." *Rozhon*, 2006-Ohio-3118, at ¶ 18. Husband never sought relief from judgment on the basis that Wife's counsel defrauded the court in the manner set forth above. At the hearing on his motion for relief, he pointed to the mislabeling of the pension account as evidence that he was unable to comprehend the proceedings. Husband testified that the discussion of that non-existent account was a "prime example" that he had agreed to something without "even know[ing] what it [was]." He did not argue, however, that Wife's counsel had defrauded the court such that he was entitled to Civ.R. 60(B) relief. Because he failed to raise this issue in support of his motion for relief from judgment, he may not raise it now. *See Miller v. Miller*, 9th Dist. Summit No. 21770, 2004-Ohio-1989, ¶ 14. Husband's second assignment of error is overruled.

### III.

{¶21} Husband's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

RUSSELL L. PAINTIFF, JR., pro se, Appellant.

THOMAS KELLY, Attorney at Law, for Appellee.