[Cite as *Hall v. Hall*, 2017-Ohio-447.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Aimee Hall (n.k.a. Mounts), | : | |
| Plaintiff-Appellee, | : | |
| v. | : | |
| | | No. 16AP-480 |
| Dennie Hall, Jr., | : | (C.P.C. No. 12DR-0894) |
| Defendant-Appellee, | : | (REGULAR CALENDAR) |
| Joshua Cohill, | : | |
| Third-Party Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on February 7, 2017

**On brief:** *Don Roberts Law Offices*, *Donald W. Roberts*, and *David R. Plumb*, for appellee Aimee Hall (n.k.a. Mounts).

**On brief:** *Kemp, Schaeffer & Rowe Co., L.P.A.*, *Jacqueline L. Kemp*, and *Lauren A. Kemp*, for appellant. **Argued:** *Jacqueline L. Kemp.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

LUPER SCHUSTER, J.

{¶ 1} Third-party defendant-appellant, Joshua Cohill, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting the Civ.R. 60(B) motion of plaintiff-appellee, Aimee Hall (n.k.a. Mounts), and disestablishing the father-child relationship between defendant-appellee, Dennie Hall, Jr. ("Hall"), and minor child, E.H. For the following reasons, we reverse.

**I. Factual and Procedural Background**

{¶ 2}   In November 2003, Mounts gave birth to E.H.  Before E.H. was born, in utero DNA testing established a zero percent probability that Hall was the natural (biological) father of the child.  In July 2005, Mounts and Hall married, and two children were born as issue of the marriage.  The paternity of those two children is not at issue.  On January 3, 2009, Hall signed an acknowledgment of paternity affirming his status as E.H.'s natural father.  Ten days later, the acknowledgment was filed with the central paternity registry.

{¶ 3}   In March 2012, Mounts filed a complaint for divorce.  In July 2012, the trial court filed an agreed judgment entry – decree of divorce, which included a finding that Hall and Mounts are the parents of E.H.  The trial court also filed a shared parenting decree, incorporating an agreed shared parenting plan that granted Mounts and Hall shared care, custody, and control of E.H. and their other two children.

{¶ 4}   In March 2016, Mounts filed a Civ.R. 60(B) motion to vacate the divorce decree and the shared parenting decree.  Mounts alleged that relief was appropriate because the trial court had been fraudulently misled regarding the paternity of E.H.  In April 2016, Hall filed a memorandum in opposition to Mounts' Civ.R. 60(B) motion, asserting that relief was inappropriate because Mounts herself engaged in fraudulent conduct regarding the paternity of E.H.  On May 25, 2016, the trial court filed an agreed judgment entry, granting Mounts' Civ.R. 60(B) motion and disestablishing the father-child relationship between Hall and E.H.  In conjunction with filing the agreed judgment entry, the trial court filed amended decrees, which omitted E.H.'s name as one of Mounts and Hall's children.

{¶ 5}   On June 15, 2016, Joshua Cohill, whom Mounts has sued in juvenile court in an effort to establish his paternity as to E.H., filed a motion to intervene as of right.  The next day, Cohill filed a motion to set aside the agreed judgment entry.  On June 22, 2016, the trial court granted Cohill's motion to intervene.  Two days later, Cohill filed a notice of appeal.

## II. Assignments of Error

{¶ 6}  Cohill assigns the following errors for our review:

[1.] The trial court's adoption of the parties' agreed judgment entry granting appellees' request for relief and disestablishing paternity constitutes an abuse of discretion.

[2.] The trial court's adoption of the parties' agreed judgment entry granting appellees' request for relief and disestablishing paternity without considering applicable statutory provisions constituted an abuse of discretion.

[3.] The trial court's adoption of the parties' agreed judgment entry granting appellees' request for relief and disestablishing paternity without considering the best interests of the minor child constituted an abuse of discretion.

## III. Discussion

### A. Cohill's Standing to Appeal

{¶ 7}  Mounts has raised the issue of whether Cohill has standing to appeal the trial court's judgment granting Mounts' Civ.R. 60(B) motion and disestablishing Hall's paternity of E.H.  "Appeal lies only on behalf of a party aggrieved by the final order appealed from." *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160 (1942), syllabus.  A party is aggrieved, and thus has standing to appeal, if (1) he has a present interest in the subject matter of the litigation, and (2) he has been prejudiced by the judgment of the trial court.  *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26 (1992); *Chase Bank USA, N.A. v. Jacobs*, 10th Dist. No. 11AP-343, 2012-Ohio-64, ¶ 7.  A future, contingent or speculative interest will not confer standing to appeal.  *Ohio Contract Carriers Assn., Inc.* at 161; *Midwest Fireworks Mfg. Co., Inc. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174 (2001).

{¶ 8}  Cohill, who became a party in this divorce action when the trial court granted his motion to intervene, was aggrieved by the trial court's judgment granting Mounts' Civ.R. 60(B) motion and disestablishing Hall's paternity of E.H.  It is undisputed that Mounts has sued Cohill in juvenile court, alleging his paternity of E.H.  It is also undisputed that Hall's paternity of E.H. became final and enforceable in 2009, based on his signing of the acknowledgment of paternity.  Thus, the disestablishment of Hall's

paternity of E.H. precludes Cohill from challenging his alleged paternity of the child in the juvenile court case on the basis that Hall was already established as her father. Because Cohill is a party aggrieved by the agreed judgment entry, he has standing in this appeal to challenge that judgment.

### B. Trial Court's Disestablishment of Hall's Paternity of E.H.

{¶ 9}   We address Cohill's first, second, and third assignments of error together because they are interrelated. All three assignments of error allege that the trial court erred in disestablishing Hall's paternity of E.H. We agree.

{¶ 10} In Ohio, parentage is primarily governed by statute. *S.N. v. M.B.*, 188 Ohio App.3d 324, 2010-Ohio-2479, ¶ 23 (10th Dist.). The father-child relationship may be legally established in Ohio by an acknowledgment of paternity. *See* R.C. 3111.20 to 3111.35. An acknowledgment of paternity occurs when a man affirms under oath, on a government prescribed form, that he is the natural father of the named child. *See* R.C. 3111.31. Pursuant to R.C. 3111.25, an acknowledgement of paternity becomes final and enforceable without ratification of the court when the acknowledgement has been entered into the birth registry and the 60-day time period for rescission under R.C. 3111.27 has passed. *Clark v. Malicote*, 12th Dist. No. CA2010-07-049, 2011-Ohio-1874, ¶ 12, fn. 3. After the acknowledgment of paternity becomes final, the acknowledgment may be rescinded pursuant to R.C. 3111.28 on the basis of fraud, duress, or material mistake of fact. An action under R.C. 3111.28, however, must be filed within one year of the acknowledgment becoming final.

{¶ 11} R.C. 3119.962 provides an additional mechanism to rescind an acknowledgment, but unlike R.C. 3111.28, this statute does not contain a temporal filing restriction. Pursuant to R.C. 3119.962, a court may grant relief from a final paternity determination, in the form of an acknowledgment of paternity that has become final, if genetic testing shows no probability that the person who acknowledged paternity is the natural father of the child. *Angus v. Angus*, 10th Dist. No. 14AP-742, 2015-Ohio-2538, ¶ 20. However, a court may not grant relief pursuant to R.C. 3119.962 when the evidence shows that the person knew he was not the natural father at the time he acknowledged paternity. *Keathley v. Keathley*, 10th Dist. No. 15AP-901, 2016-Ohio-5296, ¶ 20, citing R.C. 3119.962(B).

{¶ 12} Considering the undisputed facts of this case, we find the trial court erred by disestablishing the father-child relationship between Hall and E.H. Hall knew he was not the father of E.H. in 2003 when in utero DNA testing demonstrated a zero percent probability that he was the child's natural father. Despite this knowledge, Hall signed the acknowledgment of paternity in 2009 affirming that he was the child's natural father. Hall's acknowledgment of paternity became final and enforceable in 2009, and no action was filed under R.C. 3111.28 alleging the acknowledgment of paternity was the result of fraud, duress, or material mistake of fact. Furthermore, because Hall willingly assumed legal paternity of E.H., with knowledge that he was not the child's natural father, the trial court was precluded from disestablishing his paternity pursuant to R.C. 3119.962.

{¶ 13} Because the trial court erred in disestablishing Hall's paternity of E.H., we sustain Cohill's first, second, and third assignments of error.

## IV. Disposition

{¶ 14} Having sustained Cohill's first, second, and third assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment reversed;*
*cause remanded.*

KLATT and BRUNNER, JJ., concur.